UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD WEBBER,<br><br>                             Plaintiff,<br>  v.<br>JAMES SLOCUM,<br>                            Defendants. | Case No. 3:22-cv-00512-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Richard Webber's ("Webber") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 3), recommending that that Webber's application to proceed in forma pauperis, (ECF No. 1), be denied as moot, the Clerk file the complaint, (ECF No. 1-1), and that Webber's complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend. For the reasons set forth below the Court will adopt the R&R in full.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In his complaint, Webber sues Defendant Public Defender James Slocum under 42 U.S.C. § 1983. (See ECF No. 1-1.) Webber's complaint asserts a claim for ineffective assistance of counsel and "malicious prosecutorial misconduct" and directly relates to his underlying criminal case and conviction. (*Id.* at 2-4.) Webber requests monetary damages, a new attorney, and "another chance at [his] preliminary hearing." (*Id.* at 7.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. The *Younger* abstention doctrine also prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971).

Judge Baldwin recommends that the Complaint be dismissed without prejudice and without leave to amend because Webber is the subject of an ongoing criminal proceeding in state court that has not reached final adjudication. Section 1983 thus does not provide a vehicle for him to obtain the relief he seeks. Webber did not object to the R&R. Because there is no objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Baldwin did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full;

IT IS FURTHER ORDERED that Webber's application to proceed *in forma pauperis*, (ECF No. 1), be DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk FILE the complaint, (ECF No. 1-1); and,

IT IS FURTHER ORDERED that Webber's complaint, (ECF No. 1-1), be DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.

IT IS FURTHER ORDERED that the Clerk enter Judgment and administratively close this case.

DATED THIS 28th Day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE